UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL COMMERCIAL PRODUCTS, ) ) ) Plaintiff, ) ) vs. ) ) RUBBERMAID COMMERCIAL PRODUCTS, ) ) ) Defendant. ) | Case No. 4:11CV527RWS |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Rubbermaid Commercial Product's motion to stay this patent infringement suit pending the reexamination of the patent at issue, U.S. Patent No. 5,974,621 ('621 Patent), by the United States Patent and Trademark Office. Plaintiff Continental Commercial Products opposes the motion. For the reasons stated below, I will grant Rubbermaid's motion.

Continental filed this lawsuit on March 31, 2011, alleging Rubbermaid sells mopping systems and mop buckets that infringe upon Continental's '621 Patent. Rubbermaid has asserted, among other defenses, that the '621 Patent is invalid and unenforceable. Rubbermaid has also asserted a counterclaim for declaratory judgment.

On June 22, 2012, Rubbermaid filed a Petition for Reexamination with the United States Patent and Trademark Office ("USPTO"). The USPTO has not yet indicated whether it will reexamine the '621 Patent. As a result, Rubbermaid seeks a stay of this action until the reexamination, if it occurs, is complete. Rubbermaid asserts that the '621 Patent may be canceled in its entirety or, at a minimum, be significantly narrowed. Rubbermaid argues that if '621 Patent

survives, it is likely that it will be "significantly changed" and it will be necessary to repeat the claim construction process, wasting the resources of both the Court and the parties.

**Legal Standard**

"In a patent suit, courts 'have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a USPTO reexamination.'" Watlow Electrical Mfg. v. Ogden Mfg. Co., 2006 WL 1892546, at *1 (quoting Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed.Cir.1988)). "In fact, sponsors of the patent reexamination legislation favored stays by the district courts pending reexamination as a means of settling disputes quickly, lowering costs, and providing the courts with the USPTO's expertise." Id. There are three factors a court considers when determining whether a stay should be granted: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party. Middleton, Inc. v. Minnesota Mining and Mfg. Co., No. 4:03-CV-40493, 2004 WL 1968669, at *3 (S.D.Iowa August 24, 2004) (citations omitted).

Turning to the first factor, a trial date has not been set in this matter and discovery has been limited to issues concerning claim construction. While Rubbermaid has filed a motion for claim construction, responsive briefs have not been filed, a claim construction hearing has not occurred, and I have not yet entered an order construing the claims in this matter. Further, the parties have not conducted depositions or engaged in expert discovery. As a result, I find that the first factor weighs in favor of entering a stay in this matter.

In considering the second factor, I find that a stay of litigation will likely simplify the issues in question and facilitate the trial of the case. During reexamination, the '621 Patent could

be confirmed, amended or cancelled. If the '621 Patent is confirmed without amendment, then I will have the benefit of the Patent Office's analysis of the disputed claim terms in ruling on claim construction. See SKF Condition Monitoring, Inc. v. SAT Corp., 2008 WL 706851, at *7 (S.D.Cal. Feb.27, 2008).  If the '621 Patent is cancelled, claim construction will be rendered irrelevant.  Finally, if the '621 Patent s amended, claim construction will have to be repeated. As a result, I find that allowing the USPTO to complete a reexamination will simplify this case and the second factor clearly weighs in favor of granting the motion to stay.

Finally, I find that Continental will not be unduly prejudiced or tactically disadvantaged if this case is stayed.  If Continental is entitled to damages from Rubbermaid, such damages will continue to accrue during the stay of this litigation.  Prior to Continental filing this lawsuit, Rubbermaid sold the accused products for over ten years.  As a result, I cannot conclude that entering a stay at this time will unduly prejudice Continental.  Finally, Continental suggests that reexaminations typically take six years to complete.  However, Continental does not assert any basis for suggesting the reexamination of the '621 Patent will take over six years.  Further, the USPTO has specific guidelines which call for the expedited handling of reexamination determinations in cases where litigation has been stayed pending reexamination. See  Manual of Patent Examining Procedure, Eight Edition, August 2001.  Finally, the reexamination process will likely narrow, if not eliminate, issues that I must decide, and as a result, the USPTO's determination will likely reduce the duration of any subsequent court proceedings. Watlow, 2006 WL 1892546, at  *2.

For the foregoing reasons, I find that the benefits to both parties and the Court that will result from a stay outweigh the potential for prejudice to Continental.
Accordingly,

**IT IS HEREBY ORDERED that** Defendant Rubbermaid's Motion to Stay [#80] is **GRANTED**.  All proceedings in this suit are stayed pending reexamination of U.S. Patent No. 5,974,621 by the United States Patent and Trademark Office.

**IT IS FURTHER ORDERED that** the parties shall notify the Court within ten (10) days of any action by the USPTO on the re-examination.

**IT IS FURTHER ORDERED that** Rubbermaid's Motion for Claim Construction [#68] is **DENIED without prejudice as moot**.

**IT IS FINALLY ORDERED that** the hearing set on **September 25, 2012** is **VACATED**.

Dated this 16th day of July, 2012.

                                    RODNEY W. SIPPEL
                                    UNITED STATES DISTRICT JUDGE